# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| SANDRA S., <br><br> Plaintiff, <br> vs. <br><br> KILOLO KIJAKAZI, Commissioner of Social Security, <br><br> Defendant. | No. C18-3026-LTS <br><br> **ORDER AWARDING ATTORNEY FEES** |

## I. INTRODUCTION

This matter is before me on a motion (Doc. 40) by plaintiff Sandra S.[1] (the Claimant) for attorney fees pursuant to 42 U.S.C. § 406(b). In support of her motion, the Claimant has filed the fee agreement between herself and her attorneys (Doc. 40-1), the notice of award from the Social Security Administration (SSA) (Doc. 40-2) and the itemization of hours (Doc. 40-3) she submitted with a previous motion for attorney fees under the Equal Access to Justice Act (EAJA).

On June 29, 2021, I entered an order (Doc. 33) granting the Commissioner's unopposed motion to reverse and remand this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). On August 24, 2021, the Claimant timely filed a motion (Doc. 36) requesting $1,000 in attorney fees under the EAJA. I granted that motion in an order (Doc. 39) filed December 17, 2021. The Claimant's attorneys now seek to receive attorney's fees out of her awarded past-due benefits. *See* 42 U.S.C. § 406(b)(1). The Commissioner filed a response (Doc. 41) indicating she

---

[1] In accordance with the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, I will refer to a Social Security claimant by the claimant's first name and last initial due to significant privacy concerns.

does not object to the Claimant's request but notes this Court must (1) independently determine whether the amount requested is reasonable and (2) order that the smaller of the EAJA award and § 406(b) award be refunded to the plaintiff.

## II. DISCUSSION

### A. *Legal Standards*

"A claimant's application for Title II benefits can result in payments in past-due benefits – *i.e.*, benefits that accrued before a favorable decision, 20 C.F.R. § 404.1703 (2018) – as well as ongoing monthly benefits, *see* 42 U.S.C. § 423(a)." *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019). Under 42 U.S.C. § 406(b)(1), when a court renders a judgment in favor of the claimant, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The Commissioner may certify the amount of such fee for payment to the attorney out of the amount of past-due benefits. *Id.* In contrast to EAJA fees (paid with agency funds and based on the time expended and the attorney's hourly rate), section 406(b) funds are paid from the claimant's past-due benefits. The claimant's attorney must refund the amount of the smaller fee to the claimant. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

In assessing whether § 406(b) fees are appropriate, I must conduct an "independent check" to ensure that the requested fee pursuant to a contingent-fee agreement is reasonable in light of the services rendered. *Id.* at 807. Plaintiff's counsel bears the burden of showing that the fee sought is reasonable. *Id.* Agreements that provide for fees exceeding 25 percent are unenforceable. *Id.* Agreements that provide for fees of 25 percent of past-due benefits, or less, must be reviewed for reasonableness, which may depend on the character of the representation and the results the representative achieved.

2

*B.     Analysis*

I have conducted an independent review of the fees requested in this matter pursuant to § 406(b)(1).  The Claimant entered into a retainer agreement with Wes Kappelman and Corbett Luedeman in July 2018, providing that the attorneys would receive 25 percent of any past-due benefits she was awarded from a successful appeal if such attorney's fees were approved by the court.  Doc. 40-1.  After awarding past-due benefits, the SSA withheld $11,814.13, or 25 percent of the Claimant's award, for attorney's fees in line with the 25 percent cap established in § 406(b).  Doc. 40-2 at 3.  Counsel now requests payment of $5,814.13.  This amount represents the $11,814.13 withheld by the Commissioner minus Luedeman's requested fee of $6,000 under § 406(a).

The requested fee of $5,814.13, combined with 20.7 hours of work by attorneys on this case, equates to a hypothetical hourly rate of $280.88 per hour.  Doc. 40 at 2.  The attorneys argue this amount is reasonable based on the risk of nonpayment the attorneys undertake in Social Security cases.  *Id*.  They also argue that this hourly rate is in line with other rates I have previously found reasonable.  Doc. 40 at 2 *(citing Tracy O. v. Saul,* No 17-CV86 LTS (N.D. Iowa, April 9, 2020) (collecting cases)).

I agree and find the requested fee to be reasonable.  The Claimant agreed to pay a contingent fee of 25 percent for this representation and courts should defer to and enforce freely negotiated contingency agreements in accordance with the parties' manifest intentions, as with any other valid contract.  *See Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) ("[A] contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the risk of nonpayment."). Further, contingent fees "encourage effective legal representation" by adequately rewarding attorneys who take on cases that benefit society but carry a high risk of nonpayment.  *See Burnett v. Heckler*, 756 F.2d 621, 626 (8th Cir. 1985); *see also Wells*, 907 F.2d at 372 ("[A]ccepting reasonable contingency arrangements as the basis for a §

3

406(b) social security fee provides a critical incentive for able attorneys to practice in the social security field and increases the likelihood that a claimant can find an attorney sufficiently committed and skilled to litigate successfully against the government."). Contingent fees are the exclusive source of compensation for attorneys who successfully represent claimants seeking disability benefits, as any attempt "to charge the claimant a noncontingent fee[] is a criminal offense," and claimants are often unsuccessful. *Gisbrecht*, 535 U.S. at 807 (citing 42 U.S.C. § 406(b)(2); 20 C.F.R. § 404.1740(c)(2)).

The character of the attorneys' representation in this case, and the result achieved, also support a finding that the requested fee is reasonable. The attorneys do not appear to have caused any unnecessary delay in proceedings, they carefully documented the hours spent on the case and they ultimately succeeded in securing an award of past-due disability benefits for the Claimant. The hypothetical hourly rate is in line with what courts have previously found reasonable and is, in fact, at the lower end of the spectrum. *See Marvin H. v. Saul*, No. 19-CV-3019-LTS, 22020021 WL 13551434 (N.D. Iowa Dec. 16, 2020) (collecting cases). Further, the Commissioner has not objected to the rate. *See* Doc. 41. Therefore, I will grant the request for an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $5,814.13.

Because Congress does not allow attorneys to receive fees under both the EAJA and § 406(b), the smaller of the two awards (in this case, the $1,000 awarded under the EAJA, subject to offset) must be refunded to the Claimant.

### III. CONCLUSION

For the reasons stated herein:

1. The Claimant's motion (Doc. 40) for attorney's fees under 42 U.S.C. § 406(b)(1) is **granted**. The Commissioner is ordered to pay attorney's fees in the amount of $**5,814.13** under 42 U.S.C. § 406(b).

4

Case 3:18-cv-03026-LTS-KEM   Document 42   Filed 01/06/23   Page 4 of 5

2. As requested, payment shall be sent to attorney Corbett Luedeman at RSH Legal. Mr. Luedeman shall then reimburse to Claimant the prior EAJA award and disburse to attorney Wes Kappelman his portion of the award.

**IT IS SO ORDERED.**

**DATED** this 6th day of January, 2023.

_____
Leonard T. Strand, Chief Judge